Case 2:19-cv-02259-JMA-AYS Document 19 Filed 03/11/21 Page 1 of 7 PageID #: 119

FILED
CLERK

3/11/2021 10:38 am

U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X   For Online Publication Only

NICOLE CRAINE,

                                                   **ORDER**
                        Plaintiff,      19-CV-2259 (JMA) (AYS)

      -against-

BEYOND THE W, LLC,

                               Defendant.
-----------------------------------------------------------------------X

**AZRACK, United States District Judge:**

      Before the Court is the motion of plaintiff Nicole Craine ("Plaintiff") for default judgment against defendant Beyond the W, LLC ("Defendant") in the amount of $32,352.50. In this copyright infringement action, Plaintiff seeks: statutory damages of $30,000.00 pursuant to 17 U.S.C. § 504(c) for willful copyright infringement, and attorney's fees and litigation costs of $1,912.50 and $440.00, respectively, pursuant to 17 U.S.C. § 505. (ECF Nos. 10-12.) For the reasons stated herein, Plaintiff's motion for default judgment is GRANTED, in part, and DENIED, in part, and Plaintiff is awarded a default judgment against Defendant in the amount of $2,187.50.

**I. DISCUSSION**

**A. Defendant Defaulted**

      Defendant was properly served in this action, but has not answered, appeared in this action, responded to the instant motion for default judgment, or otherwise defended this action.

**B. Liability**

      When a defendant defaults, the Court is required to accept all of the factual allegations in the complaint as true and draw all reasonable inferences in the plaintiff's favor. Finkel v.

Romanowicz, 577 F.3d 79, 84 (2d Cir. 2009). However, the Court also must determine whether the allegations in the complaint establish the defendant's liability as a matter of law. Id.

Plaintiff alleges that she photographed a high school basketball player, Maori Davenport (the "Photograph"). (ECF No. 1, Compl. at ¶ 7.) The Complaint does not state the date on which the Photograph was originally published but the Declaration of Richard Liebowitz states that the Photograph was originally published on January 11, 2019 and Plaintiff's registration, of which the Court takes judicial notice, confirms this.[1] (ECF No. 11 at ¶ 18.) See Fleishman v. World Bride Magazine, LLC, No. 19-CV-5595, 2020 WL 7774843, at *6 (E.D.N.Y. Oct. 27, 2020), adopted by, 2020 WL 7770936 (E.D.N.Y. Dec. 30, 2020) ("the Court may take judicial notice of copyright registrations within the United States Copyright Office's public catalog."). Defendant then published an undated article, titled Jan. 22 Hearing Date Set for Maori Davenport, AHSAA, on its website that featured the Photograph. (Compl. at ¶ 10; ECF No. 1-2.) Plaintiff's registration indicates that the Photograph was registered with the United States Copyright Office on April 8, 2019. Plaintiff alleges that Defendant did not license the Photograph from Plaintiff, and Defendant did not have Plaintiff's permission or consent to publish the Photograph on its website. (Compl. at ¶ 11.)

Here, the allegations in the complaint are sufficient to establish Defendant's liability under 17 U.S.C. § 501 of the Copyright Act for copyright infringement.

**C. Damages**

"'[W]hile a party's default is deemed to constitute a concession of all well pleaded allegations of liability, it is not considered an admission of damages.'" Bricklayers & Allied

---

[1] Plaintiff's registration within the United States Copyright Office's public catalog indicates that the Photograph was first published on January 11, 2019 and the registration became effective on April 8, 2019.

Craftworkers Local 2, Albany, N.Y. Pension Fund v. Moulton Masonry & Const., LLC, 779 F.3d 182, 189 (2d Cir. 2015) (quoting Cement & Concrete Workers Dist. Council Welfare Fund v. Metro Found. Contractors, Inc., 699 F.3d 230, 234 (2d Cir. 2012)).  The Court must conduct an inquiry to "ascertain the amount of damages with reasonable certainty."  Credit Lyonnais Sec., Inc. v. Alcantara, 183 F.3d 151, 155 (2d Cir. 1999) (citing Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp., 109 F.3d 105, 111 (2d Cir. 1997)).

For violation of 17 U.S.C. § 501, Plaintiff seeks $30,000.00 in statutory damages for willful copyright infringement pursuant to 17 U.S.C. § 504(c).  (ECF No. 12.)  Because Plaintiff has elected to seek statutory damages under the Copyright Act, no hearing is necessary.  See Hirsch v. Sell It Soc., LLC, No. 20-CV-0153, 2020 WL 5898816, at *4 (S.D.N.Y. Oct. 5, 2020) (finding no hearing necessary to determine the appropriate amount of damages on default judgment because the plaintiff sought statutory damages under the Copyright Act) (citation omitted).

Under the Copyright Act, a plaintiff who elects statutory damages may recover an award between $750 and $30,000 "as the court considers just."  17 U.S.C. § 504 (c)(1).  "In a case where the copyright owner sustains the burden of proving, and the court finds, that infringement was committed willfully, the court in its discretion may increase the award of statutory damages to a sum of not more than $150,000."  17 U.S.C. § 504(c)(2).  In determining damages, courts consider the following factors: "(1) the infringer's state of mind; (2) the expenses saved, and profits earned, by the infringer; (3) the revenue lost by the copyright holder; (4) the deterrent effect on the infringer and third parties; (5) the infringer's cooperation in providing evidence concerning the value of the infringing material; and (6) the conduct and attitude of the parties."  Dermansky v. Tel. Media, LLC, No. 19-CV-1149, 2020 WL 1233943, at *5 (E.D.N.Y. Mar. 13, 2020) (quoting Bryant v. Media Rights Prods., Inc., 603 F.3d 135, 144 (2d Cir. 2010)).

Here, Plaintiff alleges that Defendant acted willfully and states that she seeks statutory damages as a deterrent to willful infringers. (Declaration of Richard Liebowitz, ECF No. 11 at ¶¶ 16, 21.) However, Plaintiff has not provided any information regarding her lost licensing fee, stating that she "respectfully declines to submit evidence of [her] actual losses in the form of licensing fee history." (Id. at 21.) In cases similar to this one, courts in this district have found that an award of $1,000 is appropriate. See, e.g., Dermansky, 2020 WL 1233943, at *6 (awarding statutory damages of $1,000, "an amount above the statutory minimum, to account for the willful actions of [d]efendant and the need to deter others—but well below the statutory maximum given the dearth of other evidence"); Wexler v. Synergy Prep, Inc., No. 20-CV-2672, 2021 WL 260635, at *3-4 (E.D.N.Y. Jan. 3, 2021), adopted by, 2021 WL 260101 (E.D.N.Y. Jan. 26, 2021) (awarding $1,000 in statutory damages where there was a single instance of infringement and the plaintiff failed to provide any information regarding lost licensing fees); Balhetchet v. Su Caso Mktg. Inc., No. 19-CV-4475, 2020 WL 4738242, at *4 (E.D.N.Y. Aug. 14, 2020) (finding that "a statutory damages award of $1,000 is reasonable given the nature of the infringement alleged and the lack of a baseline amount of [p]laintiff's licensing fee or any loss of profits" and noting that "[p]laintiff's counsel, Richard Liebowitz, has an extensive record in this Circuit of requesting the maximum amount of statutory damages without sufficiently developing the record in order to establish a basis for the requested amount."). The Court agrees. Accordingly, Plaintiff is awarded $1,000.00 in statutory damages.

D. **Attorney's Fees and Costs**

Plaintiff also requests an award of $1,912.50 in attorney's fees and $440.00 in litigation costs incurred in litigating this action. (ECF No. 11.) When this action was filed, Plaintiff was represented by Richard Liebowitz. Subsequent to the filing of this default judgment motion, Mr.

4

Liebowitz was suspended from the bar of the Eastern District of New York. (ECF No. 16.) On December 25, 2020, James H. Freeman, of the Liebowitz Law Firm, filed a Notice of Appearance on behalf of Plaintiff. (ECF No. 17.)

As an initial matter, "an attorney may recover legal fees for services rendered prior to suspension or disbarment so long as the misconduct involves does not relate to the representation for which fees are being sought." Vitalone v. City of New York, 395 F. Supp. 3d 316, 324–25 (S.D.N.Y. 2019) (internal quotations omitted); see also Wexler, 2021 WL 260635, at *4–5 (granting Liebowitz fees for work performed prior to his suspension from the bar of the Eastern District of New York); Farrington v. Sell It Soc., LLC, No. 18-CV-11696, 2020 WL 7629453, at *4 (S.D.N.Y. Dec. 21, 2020) (granting Liebowitz fees for work performed prior to his suspension from the bar of the Southern District of New York).

Under Section 505 of the Copyright Act, the Court may "award a reasonable attorney's fee to the prevailing party." 17 U.S.C. § 505. The Copyright Act provides that "no award of statutory damages or of attorney's fees, as provided by sections 504 and 505, shall be made for–(1) any infringement of copyright in an unpublished work commenced before the effective date of its registration; or (2) any infringement of copyright commenced after first publication of the work and before the effective date of its registration, unless such registration is made within three months after the first publication of the work." 17 U.S.C. § 412. Plaintiff's copyright registration indicates that the Photograph was first published on January 11, 2019 and the registration became effective within three months of first publication, on April 8, 2019.

In determining a reasonable attorney's fees award, both the Supreme Court and Second Circuit "have held that the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively reasonable fee." Millea v. Metro–

North R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011) (internal quotation omitted). Such "[a] reasonable [hourly] rate is the rate that a reasonable, paying client would be willing to pay." Barrella v. Vill. of Freeport, 43 F. Supp. 3d 136, 189 (E.D.N.Y. 2014) (internal quotation omitted). "[A] district court should generally use the prevailing hourly rates in the district where it sits." Joseph v. HDMJ Rest., Inc., 970 F. Supp. 2d 131, 155 (E.D.N.Y. 2013).

The Declaration of Richard Liebowitz includes a chart entitled "Statement of Fees." (ECF No. 11 at ¶ 25.) Based on this chart, counsel seeks to be compensated for 4.5 hours of time expended in this case at a rate of $425.00 per hour, bringing the total requested attorney's fees to $1,912.50. (Id.) Like other courts in this district, this Court concludes that $425.00 is an unreasonable hourly rate for Mr. Liebowitz and instead finds that an hourly rate of $350.00 is appropriate. See Farrington, 2020 WL 7629453, at *4 (reducing Mr. Leibowitz's hourly rate from $425 to $350 based on his five years of experience); Wexler, 2021 WL 260635, at *5 (same). Other courts in this circuit have also reduced the number of compensable hours requested by Mr. Liebowitz based on the simplicity of the cases, boilerplate nature of the allegations, and the fact that Mr. Liebowitz has filed thousands of substantially similar cases. See Balhetchet, 2020 WL 4738242, at *5 (reducing the number of compensable hours requested by Mr. Liebowitz from four and a half to two and a quarter "in light of the substantial similarity of this case to other cases filed by Plaintiff's counsel before this Court and in this Circuit"); Ozuzu v. Function(x), Inc., No. 18-CV-6799, 2020 WL 4926247, at *2 (S.D.N.Y. Aug. 21, 2020) (reducing the number of compensable hours requested by Mr. Liebowitz from 6 to 3.5 "[g]iven the simplicity of this case, and the fact that Liebowitz has filed thousands of almost identical cases.") This Court agrees and finds that 2.25 hours is reasonable.

Plaintiff's counsel also seeks reimbursement for costs totaling $440.00: $400.00 for the court filing fee and $40.00 in personal service fees. Plaintiff has not submitted any receipts or other documentary proof substantiating the costs incurred. While the Court may take judicial notice of the $400 filing fee reflected on the docket sheet, the remaining expenditure for service of process lacks documentary proof. See United States v. Estate of Sobrane, No. 11-CV-4995, 2017 WL 629403, at *10 (E.D.N.Y. Jan. 31, 2017), adopted by, 2017 WL 627412, at *1 (E.D.N.Y. Feb. 15, 2017) ("[A] Court may take judicial notice of the fact that the fee was paid by virtue of entries in the docket.")

Accordingly, Plaintiff is awarded $787.50 in attorney's fees and $400.00 in litigation costs.

## II. CONCLUSION

For the reasons stated above, Plaintiff's motion for a default judgment is granted, in part, and denied, in part. The Clerk of the Court is respectfully directed to enter judgment against Defendant as follows: Defendant Beyond the W, LLC is liable to Plaintiff Nicole Craine for $1,000.00 in statutory damages; $787.50 in attorney's fees; and $400.00 in costs, for a total award of $2,187.50.

The Clerk of the Court is directed to close this case.

**SO ORDERED.**

Dated:  March 11, 2021
Central Islip, New York

                                                  /s/ (JMA)
                                                JOAN M. AZRACK
                                                UNITED STATES DISTRICT JUDGE